UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DOMINION POST OAK,<br><br>          Plaintiff,<br><br>     v.<br><br>BELINDA BUTCHER,<br><br>          Defendants. | Case No. SA CV 13-01523 UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING<br>IMPROPERLY-REMOVED ACTION |

   The Court summarily remands this unlawful detainer action to state court because defendant Belinda Butcher ("Defendant") removed it improperly.

   On September 27, 2013, Defendant, having been sued in what appears to be a routine forcible detainer and lease dispute in Harris County, Texas, lodged a Notice of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

   Simply stated, Plaintiff could not have brought this action in federal court in the first place, and Defendant does not competently allege facts supplying either diversity or federal-

1  question jurisdiction, much less venue in this judicial district. Therefore, removal is
2  improper. See 28 U.S.C. § 1441(a); see also Exxon Mobil Corp. v. Allapattah Svcs., Inc.,
3  545 U.S. 546, 563 (2005). Even if complete diversity of citizenship exists, the amount in
4  controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§
5  1332, 1441(b). On the contrary, the documents lodged from the underlying forcible detainer
6  action indicate that the amount in controversy does not exceed $10,000, and Defendant's
7  attempt to claim otherwise in her Notice of Removal is unavailing. See Williams v. Costco
8  Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006) ("[T]he propriety of removal is
9  determined solely on the basis of the pleadings filed in state court."). Nor does Plaintiff's
10 forcible detainer action raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b).

11       Further, Defendant is notified and warned that any subsequent attempts to remove
12 the underlying state forcible detainer/lease dispute action to this Court will be improper and
13 may result in the Court taking punitive remedial measures, which may include ordering
14 Defendant to appear in person before the Court and show cause why he should not be
15 monetarily sanctioned and/or designated as a vexatious litigant.

16       Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the County
17 Civil Court of Harris County, Texas, 201 Caroline, Suite 532, Houston, Texas, 77002, for
18 lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the clerk send a
19 certified copy of this Order to the state court; and (3) the clerk serve copies of this Order on
20 the parties.

21       IT IS SO ORDERED.

23 Dated: 10/6/13

                                    _____
                                    HONORABLE GEORGE H. KING
                                    CHIEF UNITED STATES DISTRICT JUDGE